J. S47041/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| GARY MARC DANIELS, | : | No. 3373 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, September 26, 2016,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0007136-2005

BEFORE:  LAZARUS, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 15, 2017**

Gary Marc Daniels appeals from the September 26, 2016 order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant facts of this case were summarized by the PCRA court in its February 1, 2017 opinion and need not be reiterated here.  (**See** PCRA court opinion, 2/1/17 at 1-4.)  Appellant was found guilty of possession of a controlled substance, possession with intent to deliver a controlled substance, and possession of drug paraphernalia[1] following a bench trial.  On May 28, 2008, appellant was sentenced to an aggregate term of five to ten years' imprisonment, followed by one year of probation.  Appellant filed a timely direct appeal, and this court affirmed appellant's judgment of

---

[1] 35 P.S. §§ 780-113(a)(16), (30), and (32), respectively.

sentence on October 9, 2009. *See Commonwealth v. Daniels*, 987 A.2d 811 (Pa.Super. 2009) (unpublished memorandum), *appeal denied*, 9 A.3d 626 (Pa. 2010). On November 1, 2010, our supreme court denied appellant's petition for allowance of appeal, and appellant did not file a petition for writ of *certiorari* with the United States Supreme Court. *Id.*

On June 15, 2015, appellant filed the instant PCRA petition, his first, with the assistance of Michael J. Malloy, Esq. (hereinafter, "PCRA counsel"). On July 25, 2016, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Thereafter, on September 23, 2016, the PCRA court conducted a hearing as to whether it had jurisdiction over this matter. As noted, on September 26, 2016, the PCRA court dismissed appellant's petition. This timely appeal followed.[2]

Appellant raises the following issue for our review:

> 1. Did the [PCRA] court err in denying [a]ppellant's [PCRA petition] without a hearing when [a]ppellant's counsel failed to notify [a]ppellant of the denial of the appeal in a timely manner, and further, failed to follow [a]ppellant's instruction to seek further [a]ppellate review?

Appellant's brief at 4.

---

[2] The record reflects that on October 27, 2016, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on November 16, 2016, and the PCRA court filed its Rule 1925(a) opinion on February 1, 2017.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Preliminarily, we must consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014).

Instantly, appellant's judgment of sentence became final on January 31, 2011, 90 days after our supreme court denied appellant's petition for allowance of appeal and the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Thus, in order to comply with the filing requirements of the PCRA, appellant was required to file his petition by January 31, 2012. ***See id.*** § 9545(b)(1). Appellant's petition, filed June 15, 2015, is patently untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in Section 9545(b)(1).[3]

---

[3] The three PCRA time-bar exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Our review of the September 26, 2016 hearing transcript reveals that PCRA counsel specifically acknowledged that appellant could not satisfy any of the three statutory exceptions to the PCRA time-bar:

> THE COURT: Okay. So, you haven't met any of the three exceptions.
>
> [PCRA COUNSEL]: That's correct.
>
> THE COURT: You agree with that?
>
> [PCRA COUNSEL]: That's correct. I'm asking that it be considered **nunc pro tunc**. That's exactly right.

Notes of testimony, 9/26/16 at 12-13, 15.

On appeal, appellant contends that his trial counsel, Clinton L. Johnson, Esq., was ineffective in failing to timely notify him when the Pennsylvania Supreme Court denied his petition for allowance of appeal and in failing to pursue federal **habeas corpus** relief. (Appellant's brief at 9.) Appellant maintains that counsel's purported ineffectiveness is the sole reason why his instant PCRA petition was untimely filed and that the PCRA time-bar requirements should not be applied to this matter. (**Id.** at 10-12.)

"It is well-settled that couching a petitioner's claims in terms of ineffectiveness will not save an otherwise untimely filed petition from the application of the time restrictions of the PCRA." **Commonwealth v. Robinson**, 139 A.3d 178, 186 (Pa. 2016) (citation omitted). In **Robinson**, our supreme court explained that,

> [the PCRA's] statutory time-bar implicates the court's very power to adjudicate a controversy and

> prohibits a court from extending filing periods except as the statute permits. **Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.**

*Id.* at 185 (citations and internal quotation marks omitted; emphasis added).

Furthermore, even to the extent that appellant's ineffectiveness claim could arguably be construed as a "newly-discovered fact" exception to the PCRA time-bar, appellant would still not be entitled to relief. In order to invoke the PCRA court's jurisdiction, appellant would need to demonstrate that he filed his petition raising this exception "within 60 days of the date the claim first could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Appellant's issues allege ineffectiveness on the part of his trial counsel, but he failed to explain why he did not know or should have known about counsel's purported ineffectiveness until June 15, 2015, nearly four and a half years after his judgment of sentence became final. Accordingly, any timeliness exception raised pursuant to section 9545(b)(1)(ii) would fail.

Based on the foregoing, we conclude that the PCRA court lacked jurisdiction to consider the merits of appellant's claims. Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2017